UNITED STATES DISTRICT COURT

DISTRICT OF NEW YORK

YVETTE BHIKHARIE,
                                              25-cv-05517 -RPK-CLP


Plaintiff,

-Against-

ELITE INVESTIGATIONS ,

Defendant.


COMPLAINT FOR EMPLOYMENT DISCRIMINATION


(Disability Discrimination, Failure to Accommodate, and Retaliation)


42 U.S.C. § 12112 et seq.; ADA; 42 U.S.C. § 1981a;

29 U.S.C. § 794;

28 U.S.C. §§ 1331, 1343, 2201–2202


I. The Parties To This Complaint


   A.    The Plaintiff(s)
   B.    Yvette Bhikharie

7 Livonia Ave Apt 423

Brooklyn,NY 11212

718-564-3988

Yvettebhikharie@gmail.com


B.    The Defendents

Defendant No 1

Elite Investigations

2001 Central Park Ave, Yonkers,NY 10710

212-629-3131

Fax: 212-594-2008

Defendant No 2

Ms. Heather Kim Stifanic

Regional Human Resources Manager

2001 Central Park Ave, Yonkers,NY 10710

212-629-3131 ext 302

914-774-1247

Hkim@regimentsp.com

Defendant No 3

Ms Margaret Gonsalves

Senior Operations Manager

2001 Central Park Ave, Yonkers,NY 10710

347-794-2396

Mgonsalves@eliteinvestigation.com

1. Plaintiff brings this civil rights action under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and related laws.

2. Defendant discriminated against Plaintiff because of her disability, failed to provide reasonable accommodations, and retaliated against her for asserting her rights.

3. Plaintiff seeks declaratory relief, injunctive relief, back pay, front pay, compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

C. Place Of Employment

2001 Central Park Ave, Yonkers,NY 10710

212-629-3131

JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because this action arises under federal civil rights law.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred within this District.

PARTIES

6. Plaintiff Yvette Bhikharie is a resident of Kings, 7 Livonia Ave Apt 423 Brooklyn, NY,New York.

7. Defendant Elite Investigations is a business entity with its principal place of business in Yonkers, New York. Defendant employed more than (15) employees and was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA).

STATEMENT OF CLAIMS

FIRST CLAIM

(Disability Discrimination – ADA, 42 U.S.C. § 12112(a))

14. Defendant discriminated against Plaintiff because of her disability by terminating her employment.

SECOND CLAIM

(Failure to Accommodate – ADA, 42 U.S.C. § 12112(b)(5)(A))

15. Plaintiff requested additional time to recover as a reasonable accommodation. Defendant failed to provide such accommodation.

THIRD CLAIM

(Retaliation – ADA, 42 U.S.C. § 12203(a))

16. Defendant retaliated against Plaintiff for requesting accommodations by terminating her.

The Facts Of My Case Are As Follows:

8. Plaintiff was employed by Defendant until June 2024.

9. Plaintiff suffers from a medical condition that substantially limits one or more major life activities and is therefore a person with a disability under the ADA.

10.  On or about June 30, 2024, Plaintiff informed Defendant that she needed more time to recover and requested an accommodation in the form of leave or job protection.

11. Defendant refused to engage in the interactive process and instead labeled Plaintiff "unreliable" and terminated her employment effective at the end of December 22, 2024.

12. Defendant's stated reasons ("inability to work and unreliability") were pretext for disability discrimination.

13. Defendant failed to provide a reasonable accommodation and retaliated against Plaintiff for asserting her rights.

Plaintiff's claims require submission of sensitive and highly personal medical documentation in support of equitable tolling and her disability discrimination claims.

15. Public disclosure of Plaintiff's medical records would cause unnecessary harm, and invasion of privacy.

16. Federal Rule of Civil Procedure 5.2(d) permits the Court to order filings made under seal. Courts in this District routinely protect litigants' private medical records from public disclosure.

17. Accordingly, Plaintiff respectfully requests that:

a. Any medical records, hospital records, physician statements, or other documents submitted in this action for purposes of establishing disability or medical incapacity be filed under seal

b. The docket in this case be sealed, or, in the alternative, all medical exhibits and filings referencing Plaintiff's medical condition be sealed and accessible only to the Court and parties.

RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant's conduct violated Plaintiff's rights under the ADA.

B. Issue an injunction directing Defendant to adopt policies preventing disability discrimination.

C. Award Plaintiff reinstatement, back pay, and front pay.

D. Award compensatory and punitive damages.

E. Award costs, litigation expenses.

F. Grant such other and further relief as the Court deems just and proper.

Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary

support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 29,2025

Respectfully submitted,

Signature of Plaintiff___*Yvette bhikcharie*___

Printed Name of Plaintiff___*Yvette bhikcharie*___

JURY DEMAND



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/05/2025

**To:** Yvette A. Bhikharie
7 Livonia ave apt 423 , BROOKLYN, NY 11212
Charge No: 520-2025-01887

EEOC Representative and email:    MICHELL CHANGQUI
Federal Investigator
michell.changqui@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Elizabeth Rader
02/05/2025
Elizabeth Rader
Acting District Director

Cc:
Elite investigation
2001 Central Park ave
YONKERS, NY 10710

Please retain this notice for your records.



**Heather Kim Stifa...**   12/20/24
To: evee   Cc: Erin >

# RE: Yvette Bhikharie

I do not know why you stopped working for the company, only what my business unit says you many times were not able to work when they called you. I have sent you the texts from you in response. Please direct this to your insurance company. Best regards hk

**Heather Kim Stifanic**
Regional Human Resources Manager - East
Office: 212-629-3131 ext. 302
Cell: 914-774-1247
Fax: 914-459-0054
2001 Central Park Avenue
Yonkers, NY 10710
Regiment Security Partners



   

 **Heather Kim Stifa...** 12/20/24
To: evee   Cc: Erin >

# FW: PAY STUBS

Good day Ms. Yvette Bhikharie,

Please read the attached texts from your business unit regarding your inability to work and unreliability which is why the company terminated your employment at the end of June 2024.  Per the system we, have your end month of work <u>6/30/24</u>. Your last paycheck attached is below and your last work day is 6/13/24, paid in paycheck cycle week 6/26/24.  If you worked past 6/13/24, please let me know.  If you worked in October 2024. Please lete me know the dates so I can research this.  Your termination date is 6/30/24. If you worked past the month of June 2024, please let me know so I can research this and make corrections.  Out side of confirming your termination date. Please direct your medical information and medical emails and notes to your insurance company in the case, copied here because that is private information. Thank you hk



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

26 FEDERAL PLAZA, SUITE 31 – 100
NEW YORK, NEW YORK 10278

**REGION 2**

NEW JERSEY
NEW YORK
PUERTO RICO
U.S. VIRGIN ISLANDS

November 8, 2024

Sent via email only to: yvettebhikharie@gmail.com

Yvette Bhikharie
7 Livonia Avenue, Apt. 423
Brooklyn, New York 11212

Re:    Case No. 02-25-1073 – The Hallen School

Dear Yvette Bhikharie:

On November 8, 2024, the U.S. Department of Education, New York Office for Civil Rights (OCR) received your correspondence(s). It has been assigned case number 02-25-1073.

Information about OCR and the laws it enforces can be found at OCR's Website (http://www.ed.gov/ocr). You may find additional information in OCR's Complaint Processing Procedures (https://www2.ed.gov/about/offices/list/ocr/docs/complaints-how.pdf).

OCR is committed to providing prompt and effective service. If you need to communicate with OCR regarding your complaint before you are contacted directly, please contact the office at (646) 428-3800, by fax at (646) 428-3843 or by email at OCR.NewYork@ed.gov.

Very truly yours,

Jungie Zhang

Encl.

⟨ **All Inboxes**                    ⋀    ⋁

Hi Ms. Bhikharie,

Per this communication to you, October 31, 2024, the deactivated you and removed your from the business unit schedule and reassigned your post.
Did you receive this communication? Your last work day was June 13, 2024. I will send you the formal notice and copy the insurance company as they are requested the final termination date.
Best regards hk

To: **Yvette Bhikharie FLSD**

Wed, Oct 30 at 10:09 AM

And okay you only have 2 days available?

That's what I have for now

I have to get surgery on next Friday and I can't work for two weeks

Thu, Oct 31 at 2:48 PM

Unfortunately, we won't be able to hold the position for another two- three weeks, you are free to reapply when you return. Wishing you a speedy recovery.

Read 10/31/24



**Add**



**Heather Kim Sti...** 7:46 PM
To: evee & 2 more... >

# RE: Yvette Bhikharie

Hi Ms. Bhikharie,

Your length of employment from February 7,2024 to June 13, 2024 working is 4 months and 6 days. You must have worked for at least 12 preceding a FMLA leave. Your work time does not meet the 12-month requirement to qualify for FMLA Family Medical Leave which is as a protective leave. If you submitted a medical leave request from your time of employment from 2/7/24 to June 13, 2024, please copy me on the forms and let me know or any date after that. As a new employee the FMLA leave would not be an option. Best regards hk

Case 1:25-cv-05517-RPK-PCG    Document 1    Filed 09/29/25    Page 13 of 43 PageID #: 13



**Heather Kim Sti...** 5:19 PM
To: evee  Cc: Erin >

# RE: Yvette Bhikharie

Also please stop sending your medical records, PT and or accident/surgery notes and emails. They are not related to your work here and they are private in nature. Please direct these inquiries to your insurance company handling the case. Thank you hk

**Heather Kim Stifanic**
Regional Human Resources Manager - East
*Office: 212-629-3131 ext. 302*
*Cell: 914-774-1247*
*Fax: 914-459-0054*
2001 Central Park Avenue
Yonkers, NY 10710
Regiment Security Partners

## Account Manager Jarrett

Fri, Feb 16 at 10:06 PM

I'm still feeling sick, which position is it a f-02 or f-80?

?

No. Relax for this one, there will always be others.

Sat, Feb 17 at 9:46 AM

Thank you

Sat, Feb 17 at 2:58 PM



Hope you're feeling

## Account Manager Jarrett

Wed, Oct 30 at 10:09 AM

**And okay you only have 2 days available?**

That's what I have for now

**I have to get surgery on next Friday and I can't work for two weeks**

Delivered

Thu, Oct 31 at 2:48 PM

Unfortunately, we won't be able to hold the position for another two-three weeks, you are free to reapply when you return. Wishing you a speedy recovery.

Yonkers, NY 10710
Regiment Security Partners



   

...

**Warning:** This email was sent from outside the company. If this email is asking you to perform any IT or admin related action, or login to a company system, it is likely a phishing attack. Use the report feature in Outlook.

---

 **me** Jan 31
I didn't receive it can you email it to me...

 **me** Jan 31
to Heather, me ˅



Can you please email me my w2 form I didn't receive it

...

↩ Reply          ↪ Forward          ☺

 

# W2 Inbox



**me** Jan 31
to Heather, me ⌄

Can you send me my w'2 I work for this company and this company is withholding my w2 from me



**Heather Kim Stifa...** Jan 31
to me ⌄

Good day this request will be processed. W2 for 2024 were sent direct to you in the mail from payroll as well to your address on file, a week ago.

If you did not receive please advise what your mailing address is. Thank you

**Heather Kim Stifanic**

Regional Human Resources Manager - East
Office: 212-629-3131 ext. 302

Cell: 914-774-1247

↩ **Reply**          ↪ **Forward**          ☺

Security · Protection · Investigations **LTD.**

2001 Central Park Avenue Yonkers, New York
(O) 212-629-3131 (F) 212-594-2008

## Notes:

- ALL questions or concerns during after-hours should be direc
  email can be generate.
- ALL incidents should be reported to dispatch for proper follov
- ALL Call Outs MUST be made through dispatch, then text a m
  MUST be 4hrs in advance or you may be subjected to disciplir
- Time off requests MUST be put in minimally 2 weeks in advan
  Manager Must be notified.

**Senior Operations Manager Contact information:**
Ms. Margaret Gonsalves
Phone Number: 347-794-2396
Email: Mgonsalves@eliteinvestigation.com
Office Hours: Monday till Friday (10am till 6pm)

**Assistant Operations Manager Contact Information:**
Shonda Charrette
Phone Number: 917-612-3142
Email: SCharrette@eliteinvestigation.com
Office Hours: Tuesday till Saturday (8am till 4pm)
Administration/ Scheduling

**Assistant Operations Manager Contact Information:**
Alan Kerkulah
Phone Number: 646-627-2347
Email: Akerkulah@eliteinvestigation.com
Office Hours: Sunday Till Thursday (1pm till 9pm)



**Queens Account Manager Contact Information:**
Kolawole Jarrett
Phone Num



P: (888) 529-1253 x2134
F: (847) 521-4391
lhemmer@oasisfinancial.com

**VIA Email**

**7/8/2025**

RE:   **Payoff for**      **Yvette Bhikharie**

Oasis ID No.:      P-AE-NY-1479223

Date Of Loss:      01/27/2024

Amount Due:      $26,061.80 (valid until valid until September 08, 2025)

Pursuant to the purchase agreement(s) between Yvette Bhikharie and Oasis, $26,061.80 is due as of July 17, 2025. **The amount due is <u>not</u> inclusive of any additional funding(s) received on, or after, July 17, 2025.** The payment must be received by Oasis within ten (10) days after the settlement proceeds have cleared your trust account.

Please note that the amount due will increase to $26,901.80 on September 09, 2025 and will continue to increase until received according to the following:

| Change Date | Amount Due |
|---|---|
| Current | $26,061.80 |
| 09/09/2025 | $26,901.80 |
| 09/13/2025 | $27,931.00 |
| 10/17/2025 | $28,346.00 |

**Please send payoff to**

Attn: Controller
**OASIS LEGAL FINANCE LLC**
PO BOX 773383
CHICAGO IL 60677-3383
Oasis Tax ID No.: 331033375
PLEASE INCLUDE THE OASIS CASE ID

NO. P-AE-NY-1479223 ON ALL CHECKS

## Account Manager Jarrett >

Fri, Feb 16 at 10:06 PM

I'm still feeling sick, which position is it a f-02 or f-80?

?

No. Relax for this one, there will always be others.

Sat, Feb 17 at 9:46 AM

Thank you

Sat, Feb 17 at 2:58 PM



Hope you're feeling better



**Margaret Gons...**    11/19/24

To: evee, HR >

# Re: Yvette Bhikharie

## Good Morning

## Do you have access to your eHub? You can pull those items from the app.

**Margaret Gonsalves**

**Senior Operations Manager**

*347-794-2396*

*212-629-3131 ext. 206*

2001 Central Park Avenue

Yonkers, NY 10710

www.eliteinvestigation.com

Jarret of him asking for me to work how was I terminated if they asking me to come to work? Please I'm confused It's not making much sense to me

Yvette

On Dec 20, 2024, at 6:46 PM, Heather Kim Stifanic <hkim@regimentsp.com> wrote:

I do not know why you stopped working for the company, only what my business unit says you many times were not able to work when they called you.
I have sent you the texts from you in response.
Please direct this to your insurance company.
Best regards hk

**Heather Kim Stifanic**
Regional Human Resources Manager - East
Office: *212-629-3131 ext. 302*
Cell: *914-774-1247*
Fax: *914-459-0054*
2001 Central Park Avenue
Yonkers, NY 10710
Regiment Security Partners

## To: Account Manager Jarrett

$22.38

Wed, Oct 30 at 10:09 AM

And okay you only have 2 days available?

That's what I have for now

I have to get surgery on next Friday and I can't work for two weeks

Delivered

Thu, Oct 31 at 2:48 PM

Unfortunately, we won't be able to hold the position for another two- three weeks, you are free to reapply when you return. Wishing you a speedy recovery.

\+    iMessage

Case 1:25-cv-05517-RPK-PCG     Document 1     Filed 09/29/25     Page 24 of 43 PageID #: 24

☰  📭 Gmail          Q   Search mail                                                           ⇅

**Compose**

| | |
|---|---|
| **Inbox** | 1,272 |
| Starred | |
| Snoozed | |
| Important | |
| Sent | |
| **Drafts** | 62 |
| **Categories** | |
| More | |

## RE: 2nd attempt to ask a question new claim #185599592, old clm#9YINY01590

(T)  **Tiderencel, Erin**
to me,

Good Morning,

Ms. Bhikarie you had sent 2 previous emails in regards to wages the first one on Sunday at 10:05 pm and the 2nd one M
'Can I know how much a person is entitled to for loss wages? Is it 16,000 dollars or less?'
'I would like to know how much was I entitled too for loss wages? Like the total amount?'

To answer those questions- there is no specific amount overall for wages throughout the claim but there are limits for wages. Your policy
have a total of $50,000 of medical coverage which goes to medical treatment, wages and mileage.
                    a total of $11,754.33 for wages. We pay 80% of your gross earnings (up to that maximum amount of $2,000) as the 20%

In regards to your 2nd attempt to obtain a response, I was out of the office all last week which I am sure you saw when on Sunday you re
multiple emails to respond to all of which were received ahead of your email. It would be rude and disrespectful of me to disregard all of
back to you fast as you would have liked.

I hope this answers your questions.

Thank you

Erin Tiderencel
New York No-Fault Examiner
Correspondence- PO Box 1623 Winston-Salem, NC  27102
Medical Bills- PO Box 2989, Clinton IA  52733
859-497-7348-Fax for Medical Bills

800-924-0273-Fax

National **General** 》
Auto, Home & Health Insurance

## Labels

| | |
|---|---|
| [Gmail]All Mail | 20 |
| [Gmail]Trash | |
| [Imap]/Drafts | |
| [Imap]/Sent | |
| Notes | |
| Sent Messages | |
| Unwanted | |

Enable desktop notifications for Gmail.     OK     No thanks

1/1

44444  For Official Use Only
OMB No. 1545-0029

| **a** Employer's name, address, and ZIP code | **c** Tax year/Form corrected | **d** Employee's correct SSN |
|---|---|---|

Elite Investigations of NY
2001 Central Park Ave
Yonkers NY 10710
United States

309-299-9657

**c** Tax year/Form corrected

2024 / W-2

**e** Corrected SSN and/or name. (Check this box and complete boxes f and/or g if incorrect on form previously filed.) ☐

Complete boxes f and/or g only if incorrect on form **previously filed:**

**f** Employee's **previously reported** SSN

**b** Employer identification number (EIN)

13-3077215

**g** Employee's **previously reported** name

| **h** Employee's first name and initial | Last name | Suff. |
|---|---|---|
| YVETTE | BHIKHARIE | |

7 Livonia Ave Apt 423
Brooklyn NY 11212-4690
United States

**i** Employee's address and ZIP code

**Note:** Only complete money fields that are being corrected. (Exception: for corrections involving MQGE, see the General Instructions for Forms W-2 and W-3, under *Specific Instructions for Form W-2c*, boxes 5 and 6.)

| Previously reported | Correct information | Previously reported | Correct information |
|---|---|---|---|
| **1** Wages, tips, other compensation<br>13,646.77 | **1** Wages, tips, other compensation<br>13,646.77 | **2** Federal income tax withheld<br>924.46 | **2** Federal income tax withheld<br>924.46 |
| **3** Social security wages<br>13,646.77 | **3** Social security wages<br>13,646.77 | **4** Social security tax withheld<br>846.10 | **4** Social security tax withheld<br>846.10 |
| **5** Medicare wages and tips<br>13,646.77 | **5** Medicare wages and tips<br>13,646.77 | **6** Medicare tax withheld<br>197.87 | **6** Medicare tax withheld<br>197.87 |
| **7** Social security tips<br>0.00 | **7** Social security tips<br>0.00 | **8** Allocated tips<br>0.00 | **8** Allocated tips<br>0.00 |
| **9** | **9** | **10** Dependent care benefits<br>0.00 | **10** Dependent care benefits<br>0.00 |
| **11** Nonqualified plans<br>0.00 | **11** Nonqualified plans<br>0.00 | **12a** See instructions for box 12 | **12a** See instructions for box 12 |
| **13** Statutory employee ☐  Retirement plan ☐  Third-party sick pay ☐ | **13** Statutory employee ☐  Retirement plan ☐  Third-party sick pay ☐ | **12b** | **12b** |
| **14** Other (see instructions)<br>NY SDI 11.4 NY Paid Family Leave 50.89 | **14** Other (see instructions)<br>NY SDI 11.4 NY Paid Family Leave 50.89 | **12c** | **12c** |
| | | **12d** | **12d** |

## State Correction Information

| Previously reported | Correct information | Previously reported | Correct information |
|---|---|---|---|
| **15** State<br>NY | **15** State<br>NY | **15** State | **15** State |
| Employer's state ID number<br>133077215 | Employer's state ID number<br>133077215 | Employer's state ID number | Employer's state ID number |
| **16** State wages, tips, etc.<br>13,646.77 | **16** State wages, tips, etc.<br>13,646.77 | **16** State wages, tips, etc. | **16** State wages, tips, etc. |
| **17** State income tax<br>943.97 | **17** State income tax<br>543.25 | **17** State income tax | **17** State income tax |

## Locality Correction Information

| Previously reported | Correct information | Previously reported | Correct information |
|---|---|---|---|
| **18** Local wages, tips, etc.<br>13,646.77 | **18** Local wages, tips, etc.<br>13,646.77 | **18** Local wages, tips, etc. | **18** Local wages, tips, etc. |
| **19** Local income tax<br>400.72 | **19** Local income tax<br>400.72 | **19** Local income tax | **19** Local income tax |
| **20** Locality name<br>NY CITY NY | **20** Locality name<br>NY CITY NY | **20** Locality name | **20** Locality name |

**Copy B—To Be Filed With Employee's FEDERAL Tax Return**

Department of the Treasury
Internal Revenue Service

Form **W-2c** (Rev. 6-2024)    **Corrected Wage and Tax Statement**

24  NY3  BWO 1040  Form Software Copyright 1996 - 2025 HRB Tax Group, Inc.

**IT-201** (2024) **Page 3** of 4

| Name(s) as shown on page 1 | Your Social Security number |
|---|---|
| YVETTE BIKHARIE | |

## Tax calculation, credits, and other taxes

| | | | |
|---|---|---|---|
| 38 | Taxable income *(from line 37 on page 2)* | **38** | 16522 .00 |
| 39 | NYS tax on line 38 amount | **39** | 680 .00 |
| 40 | NYS household credit | **40** 30 .00 | |
| 41 | Resident credit | **41** .00 | |
| 42 | Other NYS nonrefundable credits *(Form IT-201-ATT, line 7)* | **42** .00 | |
| 43 | Add lines 40, 41, and 42 | **43** | 30 .00 |
| 44 | Subtract line 43 from line 39 *(if line 43 is more than line 39, leave blank)* | **44** | 650 .00 |
| 45 | Net other NYS taxes *(Form IT-201-ATT, line 30)* | **45** | .00 |
| 46 | **Total New York State taxes** *(add lines 44 and 45)* | **46** | 650 .00 |

## New York City and Yonkers taxes, credits, and surcharges, and MCTMT

| | | | |
|---|---|---|---|
| 47 | NYC taxable income | **47** 16522 .00 | See instructions to calculate New York City and Yonkers taxes, credits, and surcharges. |
| 47a | NYC resident tax on line 47 amount | **47a** 523 .00 | |
| 48 | NYC household credit | **48** .00 | |
| 49 | Subtract line 48 from line 47a *(if line 48 is more than line 47a, leave blank)* | **49** 523 .00 | |
| 50 | Part-year NYC resident tax *(Form IT-360.1)* | **50** .00 | |
| 51 | Other NYC taxes *(Form IT-201-ATT, line 34)* | **51** .00 | |
| 52 | Add lines 49, 50, and 51 | **52** 523 .00 | |
| 53 | NYC nonrefundable credits *(Form IT-201-ATT, line 10)* | **53** .00 | |
| 54 | Subtract line 53 from line 52 *(if line 53 is more than line 52, leave blank)* | **54** 523 .00 | |
| 54a | MCTMT net earnings base for Zone 1 | **54a** .00 | |
| 54b | MCTMT net earnings base for Zone 2 | **54b** .00 | |
| 54c | MCTMT for Zone 1 | **54c** .00 | |
| 54d | MCTMT for Zone 2 | **54d** .00 | See instructions to calculate the MCTMT for each zone. |
| 54e | Total MCTMT *(add lines 54c and 54d)* | **54e** .00 | |
| 55 | Yonkers resident income tax surcharge | **55** .00 | |
| 56 | Yonkers nonresident earnings tax *(Form Y-203)* | **56** .00 | |
| 57 | Part-year Yonkers resident income tax surcharge *(Form IT-360.1)* | **57** .00 | |
| 58 | **Total New York City and Yonkers taxes / surcharges and MCTMT** *(add lines 54 and 54e through 57)* | **58** | 523 .00 |
| 59 | **Sales or use tax** *(do not leave blank)* | **59** | 0 .00 |
| 60 | Voluntary contributions *(Form IT-227, Part 2, line 1)* | **60** | .00 |
| 61 | **Total New York State, New York City, Yonkers, and sales or use taxes, MCTMT, and voluntary contributions** *(add lines 46, 58, 59, and 60)* | **61** | 1173 .00 |

NO HANDWRITTEN ENTRIES, OTHER THAN SIGNATURE, ON THIS FORM

201003241735



Elite Investigations of NY
2001 Central Park Ave
Yonkers NY 10710
United States

**IMPORTANT CORRECTED TAX INFORMATION ENCLOSED**

332 1 SP 0.690                    P:332 / T:1 / S:





YVETTE BHIKHARIE
7 LIVONIA AVE APT 423
BROOKLYN NY 11212-4690

## Notice to Employee

This is a corrected Form W-2 (or Form W-2AS, W-2CM, W-2GU, W-2VI, or W-2c) for the tax year shown in box c. If you have filed an income tax return for the year shown, you may have to file an amended return. Compare amounts on this form with those reported on your income tax return. If the corrected amounts change your U.S. income tax, file Form 1040-X with Copy B of this Form W-2c to amend the return you already filed.

If there is a correction in box 5, Medicare wages and tips, use the corrected amount to determine if you need to file or amend Form 8959. Attach an original or amended Form 8959 to Form 1040 or 1040-X, as applicable.

If you have not filed your return for the year shown in box c, attach Copy B of the original Form W-2 you received from your employer and Copy B of this Form W-2c to your return when you file it.

For more information, contact your nearest Internal Revenue Service office. Employees in American Samoa, the Commonwealth of the Northern Mariana Islands, Guam, or the U.S. Virgin Islands should contact their local taxing authority for more information.

**Future developments.** For the latest information about Form W-2c and its instructions, such as legislation enacted after we release them, go to www.irs.gov/FormW2c.

## Employers, Please Note:

Specific information needed to complete Form W-2c is available in a separate booklet titled the General Instructions for Forms W-2 and W-3, under Specific Instructions for Form W-2c. You can order these instructions and additional forms at www.irs.gov/OrderForms.

**Caution:** Do not send the SSA any Forms W-2c or W-3c that you have printed from IRS.gov. The SSA is unable to process these forms. Instead, you can create and submit them online. See E-filing, later.

**Need help?** If you have questions about reporting on Form W-2c, call the Technical Services Operation (TSO) toll free at 866-455-7438 or 304-263-8700 (not toll free). Deaf or hard-of-hearing customers may call any of our toll-free numbers using their choice of relay service.

**E-filing.** See the General Instructions for Forms W-2 and W-3 for information on when you're required to file Form(s) W-2c electronically. Employers may use the SSA's W-2c Online service to create, save, print, and electronically submit up to 25 Form(s) W-2c at a time. When you e-file with the SSA, no separate Form W-3c filing is required. An electronic Form W-3c will be created for you by the W-2c Online service. For information, visit the SSA's Employer W-2 Filing Instructions & Information website at www.SSA.gov/employer.

**Future developments.** For the latest information about Form W-2c and its instructions, such as legislation enacted after we release them, go to www.irs.gov/FormW2c.

**Clinical Notes**

**Progress Notes**

**Bandekar, Neha, MD at 6/18/2024 1500**

| | | |
|---|---|---|
| Author: Bandekar, Neha, MD | Service: — | Author Type: Resident |
| Filed: 6/19/2024 9:59 AM | Encounter Date: 6/18/2024 | Creation Time: 6/19/2024 9:27 AM |
| Status: Signed | Editor: Bandekar, Neha, MD (Resident) | |

This visit was conducted with the use of telephone/(audio only) for 30 minutes that permits real time communication between patient and provider. Verbal patient consent for tele health obtained on 6/18/2024. Patient was located off-site and provider was on-site.

## PSYCHOTHERAPY PROGRESS NOTE

**Patient Name:** Yvette Ashley Bhikharie          **Medical Record Number:** 1984163
**Date of Service:** 6/18/2024

### Is this note 'In-Session' or 'Between-Session'?
In-Session Progress Note --- (Include progress since previous encounter, methods used during the session, other individuals present, if applicable, goals that were addressed, significant risks and outcomes of the intervention)

Spoke to patient. Talked about psychosocial stressors finding new jobs, getting training in school, and loss of job. Patient reports stable mood. Denies any overt symptoms of depression. Patient denies any current suicidal or homicidal ideation intent or plan. Patient denies any auditory or visual hallucinations. No paranoia elicited. Patient denies any symptoms of mania.

Supportive therapy given. Coping skills and stress management reviewed.

**ASSESSMENT:**

**Type of Service/Procedure:** Psychotherapy Individual
**DSM/ICD Diagnosis:**
**Unspecified Anxiety Disorder**
**Rule out PTSD**

**Time Encounter Begins:** 3:00pm
**Time Encounter Ends:** 330pm
**Duration of Encounter in Minutes:** 30 minutes

## <u>RELEASE AND SETTLEMENT AGREEMENT</u>

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between, on the one hand, Yvette Bhikharie ("Ms. Bhikharie" or "Plaintiff"), and on the other hand, Elite Investigations LTD ("Defendant"), each individually referred to hereafter as a "Party" and collectively referred to hereafter as the "Parties." This Agreement is effective as of the date on which it is executed by the Parties (the "Effective Date").

## W I T N E S S E T H:

**WHEREAS,** Plaintiff, representing *pro se*, made certain allegations against Defendant in a Verified Petition filed on or about March 3, 2025, Index No. 199/2025, in the Supreme Court of the State of New York, County of Kings, claiming that she was subject to certain conduct while employed by Defendant in violation of employment laws (the "Action"); and,

**WHEREAS,** Defendant denies and continues to deny the allegations made against it contained in the Action, or that it engaged in any other wrongful conduct with respect to Plaintiff; and,

**WHEREAS,** the Parties wish to avoid the burdens and expense of protracted litigation; and

**WHEREAS,** the Parties have agreed to settle the Actions between them pursuant to the terms and conditions of the within Release and Settlement Agreement ("Agreement");

**NOW, THEREFORE,** in consideration of the mutual covenants and undertakings set forth herein, Plaintiff and Defendant agree as follows:

The foregoing "whereas" clauses are true and correct and incorporated by reference as part of this Agreement.

1. **<u>Settlement Payment.</u>**

   a.     Defendant agrees to pay or cause to be paid to Plaintiff a total sum of Eight Thousand and One Dollars and Zero Cents ($8,0001.00), within thirty (30) days following full execution of this Agreement, assuming all applicable revocation and consideration periods have expired without Plaintiff's revocation and all other preconditions to payment have been met. Plaintiff further acknowledges and agrees that her entitlement to this payment is expressly conditioned upon her fulfillment of the terms and conditions of this Agreement, including but not

160045148.1

withholdings by Defendant. Defendant shall issue IRS Form W-2 to Plaintiff for the payments referred to in these subparagraphs.

      d.    Plaintiff acknowledges and agrees that Defendant is not providing any tax advice or representation by this Agreement. To the extent there are any additional tax consequences to Plaintiff and/or Defendant arising from the payment of portions of the settlement amount, Plaintiff agrees to indemnify and hold Defendant harmless for all additional taxes, interest and penalties. Plaintiff further agrees to indemnify and hold Defendant harmless for any costs, including attorneys' fees, associated with the enforcement of this indemnification provision, should such enforcement measures become necessary.

      e.    The Parties shall promptly notify each other of any Action by the IRS or any other governmental authority arising under this Paragraph 1 or pertaining to the payments being made hereunder.

2.    **Withdrawal of Causes of Action; Confidentiality of the Agreement.** Upon receipt of the settlement payments described in paragraph 1, Plaintiff will discontinue and withdraw the Action bearing Index No. 199/2025 pending in the Supreme Court of the State of New York, County of Kings, with prejudice and without costs or fees to any Party, and will execute all necessary paperwork, including a stipulation of discontinuance with prejudice, to effectuate the withdrawal. Plaintiff shall provide Defendant's counsel with an executed stipulation of discontinuance with a copy of this Agreement signed by her, which Defendant shall hold in escrow and shall file only after the payments identified in paragraph 1 have been delivered. Pursuant to the terms set forth in paragraph 4 below, this Agreement shall not be filed with or presented to any Court, administrative agency, tribunal or any other agency or tribunal in connection with the above withdrawal, nor shall it be introduced in any proceeding except to enforce this Agreement. In the event such a proceeding becomes necessary, Plaintiff agrees that all documents and pleadings associated with said proceeding (including this Agreement) shall be filed under seal to the extent allowed by the Court or tribunal, and will not under any circumstances, directly or indirectly, be made public.

3.    **General Release.**

      a.    As a material inducement to Defendant to enter into this Agreement, Plaintiff, on behalf of herself, her heirs, successors, representatives, assigns, attorneys, agents,

Executive Law § 290 *et seq.*; the New York City Human Rights Law; the New York Civil Rights Law, N.Y. Civil Rights Law § 79-e *et seq.*; the New York Workers' Compensation Law § 1 *et seq.*; the New York Unemployment Insurance Law, N.Y. Labor § 510 *et seq.*; the New York Paid Safe and Sick Leave Law, under any and all other federal, state and local equal employment, fair employment and civil or human rights laws (whether statutory, regulatory or decisional); under the statutory, regulatory or common law of any jurisdiction, including, but not limited to, any and all tort claims (*e.g.*, assault; battery; false imprisonment; defamation; intentional infliction of emotional distress; negligent infliction of emotional distress; wrongful termination; negligent hiring, supervision and/or retention; conversion; interference with contract; abusive discharge; and/or loss of consortium, companionship, services or society), any and all contract claims (*e.g.*, breach of contract, fraud, and/or breach of covenant of good faith and fair dealing) and under any and all other federal, state and local laws not referenced above.

c.    Nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; or (ii) claims that may arise based on events occurring after Plaintiff signs this Agreement.

d.    Plaintiff acknowledges that she may discover facts or law different from, or in addition to, the facts or law she knows or believes to exist with respect to a released claim. She agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law. Plaintiff further acknowledges and understands that she is releasing claims that she may not know about, and that is her intent. Plaintiff expressly waives all rights she may have under any laws that are intended to prevent unknown claims from being released and acknowledges that she understands the significance of doing so.

e.    Plaintiff acknowledges that no leave, compensation, wages, bonuses, commissions or benefits are due to her apart from the consideration to be paid under this Agreement, and that the consideration she is receiving pursuant to this Agreement is over and above any amounts Defendant contends were due to her. Further, she acknowledges and agrees that she has not suffered any workplace injury that has not already been reported to Defendant.

f.    Plaintiff agrees and covenants that she has not made (except for the Action), and she will not make or caused to be filed, any claims, actions, or other proceedings against Releasees, at any time in the future arising out of any facts that are known to exist or that may

5

shareholders, and managers agree not to disclose, publish, or publicize the underlying allegations of discrimination and retaliation or the terms of this Agreement, and promise that neither it nor its representatives will disclose, publish, or publicize, either directly or indirectly, any such information to anyone, including but not limited to past, present, or future employees of Defendant or to any person, firm, organization or entity of any and every type, public or private, or on any internet website, with the exception that disclosure is permitted to a party's attorneys, tax advisors, physicians, mental health care providers, immediate family members, or as otherwise required by law. In addition, in response to any questions regarding the allegations of discrimination and harassment or the terms of this Agreement, the parties agree to only say, in substance, that "the matter was resolved." Nothing herein shall preclude Plaintiff from (i) initiating, testifying, assisting, complying with a subpoena from, or participating in any manner with an investigation conductedby the appropriate local, state, or federal agency; (ii) complying with a subpoena or court order; or (iii) filing or disclosing any facts necessary to receive unemployment insurance, Medicaid, or otherpublic benefits to which she may be entitled.

b.      Plaintiff understands and agrees that this non-disclosure obligation is without temporal limit, and prohibits disclosure verbally, in writing, or through any other medium (including over social media or other Internet-based media). Plaintiff has considered the term or condition of non-disclosure of the underlying facts and circumstances of the allegations for at least 21 days, and such term or condition is Plaintiff's preference.

**This confidentiality provision is specifically requested and agreed upon by Plaintiff and Plaintiff represents that she has agreed to this provision voluntarily and of her own free will.**

_____ **Yvette Bhikharie to Initial**

c.      In the event Plaintiff is asked about the matter that led to this Agreement, Plaintiff shall respond only that, in sum and substance, they decided to part ways. Moreover, if anyone who already knows of the existence of the Action asks about the matter, Plaintiff shall only respond that the matter has been resolved to the mutual satisfaction of the parties.

d.      Plaintiff agrees that any breach of the provisions of Paragraphs 5.a – 5.b shall be deemed a material breach of this Agreement and that Defendant may, at its discretion, obtain injunctive relief against her. Due to the difficulties in calculating the damages that might be sustained (directly or indirectly) as a result of such breach, Plaintiff: (a) consents to the entry of injunctive relief against her if a Court determines that such a breach has occurred, in addition to

7

8.  **Time of Offer.**  Plaintiff acknowledges that she has been advised to discuss this Agreement with a lawyer and she has been told that in any event she should thoroughly review and understand the Agreement before signing and acting on it.

9.  **Representations and Acknowledgments.**  Plaintiff hereby represents and agrees that she has been advised by Defendant of her right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of her choice; that she carefully has read all of the provisions of this Agreement; that she has been informed of her right to have an attorney review this agreement and answer any questions she might have had; that she fully understands all of the provisions of this Agreement; that she is under the age of 40; and that she is voluntarily and knowingly entering into this Agreement.

10.  **Complete Agreement.**  This Agreement represents the complete and full settlement of any and all claims of Plaintiff against Defendant and any Releasee, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof. Plaintiff represents and acknowledges that in executing this Agreement, she does not rely upon any representation or statement made by a representative of Defendant with regard to the subject matter, basis or effect of this Agreement other than those contained herein. This Agreement may not be changed in any respect, except by a writing duly executed by the parties or authorized representatives of the parties.

11.  **Capability to Waive Actions.**  Plaintiff is competent to effect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims against Defendant or to waive all claims that Plaintiff may have against Defendant. If any lien exists or is asserted relating to any debt of Plaintiff that requires payment out of the proceeds of this Agreement, Plaintiff agrees to utilize the settlement payment made hereunder to satisfy that lien, and agrees to indemnify and hold Defendant harmless in connection with the lien.

12.  **Remedy For Breach.**  Nothing shall limit the right of any of the Parties to bring an action to enforce this Agreement. The Parties shall be entitled, in addition to any other right or remedy they may have at law or in equity related to breaches of this Agreement, to (i) all costs associated with enforcing this paragraph and the Agreement overall, including but not limited to

9

17.    **No Assignment of Actions.**  Plaintiff represents and warrants she has not assigned or hypothecated any claims herein released in any manner, to any person or other entity, in any manner, directly or indirectly. Plaintiff is not aware of any liens and/or pending legal claims applicable to the settlement sum identified in Paragraph 1. Plaintiff agrees to defend, indemnify and hold harmless Releasees against any lien, claim or action asserted against that settlement sum. Plaintiff also agrees that she will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff or Releasees as against that settlement sum.

18.    **Medicare and Medicaid.**

a.    Plaintiff represents that she is not enrolled in the Medicare or Medicaid program and was not enrolled at the time of her employment with Defendant or anytime thereafter through the date of this Agreement. Plaintiff represents and warrants that no Medicare or Medicaid payments have been made to or on behalf of her and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any released Action. Plaintiff further agrees that she, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted. Plaintiff agrees to assume responsibility for any and all expenses, costs or fees incurred by Plaintiff in connection with Plaintiff's alleged injuries, claims or this lawsuit that relate to Medicare or Medicaid conditional payments, subrogation claims, liens, or other rights to payment, relating to medical treatment or lost wages that have been or may be asserted by Medicare or Medicaid. Plaintiff will indemnify and hold Releasees harmless from any and all Medicare and Medicaid Actions, liens, condition payments and rights to payment related to Plaintiff's injuries alleged in this lawsuit.

b.    While it is impossible to accurately predict the need for medical treatment, this settlement is based upon a good faith determination of the parties in order to resolve a disputed claim. The Parties have made every attempt to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement, or Plaintiff's eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this liability settlement.

11

## CONFIDENTIALITY AGREEMENT

**CONFIDENTIALITY AGREEMENT** made as of the last date in the signature blocks, between, on the one hand, Yvette Bhikharie ("Ms. Bhikharie" or "Plaintiff"), and on the other hand, Elite Investigations LTD ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" herein.

The terms, existence, contents and execution of the Release and Settlement Agreement between Plaintiff and Defendant ("Settlement Agreement"), related to the Verified Petition filed by Plaintiff, representing *pro se*, on or about March 3, 2025, Index No. 199/2025, in the Supreme Court of the State of New York, County of Kings, and the substance of the negotiations leading up to the Settlement Agreement are and shall be deemed to be confidential (the "Confidential Negotiations") and shall not hereafter be disclosed by Plaintiff to any other person or entity. By signing the Settlement Agreement, and this Confidentiality Agreement, Plaintiff affirms that she will not disclose the terms of the Settlement Agreement after its execution nor the negotiations leading up to the execution thereof. Plaintiff hereby also agrees to keep confidential any claims that have been or could have been raised against Defendant, any facts and circumstances underlying any claims that have been or could have been raised against Defendant, or any facts and circumstances underlying the Settlement Agreement, all of which shall be deemed Confidential Negotiations. The only disclosures of Confidential Negotiations excepted by this paragraph are: (i) as may be required by court order or subpoena (and after notice to Defendant) or to any government agency in connection with any lawful and valid investigation it is conducting; (ii) to Plaintiff's attorneys, financial advisors, and tax professionals, as is necessary for them to provide her with professional services; (iii) to the IRS or other taxing authorities; or (iv) to Plaintiff's doctors and therapists, in each case provided that Plaintiff makes each such person aware of the confidentiality provisions of this paragraph and each agrees to keep such information confidential.

In accordance with New York General Obligations Law § 5-336 and New York CPLR 5003-b, Plaintiff hereby confirms that it is her preference to, and that she shall, maintain the confidentiality of the Confidential Negotiations. Plaintiff hereby agrees not to disclose such information to any entity, organization or person, except as otherwise specified above. Plaintiff understands and agrees that this non-disclosure obligation is without temporal limit, and prohibits disclosure verbally, in writing, or through any other medium (including over social media or other

159914784.1

1

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel and/or res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver or release of claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's actions were undertaken in good faith without reckless disregard for Plaintiff's statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations, orders and public policy, and with reasonable grounds for believing that its actions were in compliance with the law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred in whole or part.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that an unlawful employment action occurred (an allegation which Defendant denies), the same action would have been taken in the absence of any unlawful motivating factor.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all actions taken against Plaintiff were based on legitimate non-discriminatory, non-retaliatory, and non-pretextual reasons unrelated to any protected characteristic of Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant did not breach any contractual, general, or other duty to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

Add one also for failure to exhaust administrative remedies since we don't know what she actually stated in the EEOC complaint.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer to the Verified Petition, and to assert such additional affirmative and/or separate defenses as are made known during discovery.

WHEREFORE, Defendant respectfully requests that:

a.    The Court dismiss the Verified Petition in its entirety with prejudice;

b.    The Court award Defendant the costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

c.    The Court grant such other and further relief as is just and proper.

2.      On January 27, 2024, I was involved in a severe auto collision that resulted in serious injuries, requiring ongoing medical treatment and surgeries.

   i.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.      As a result of the accident, I suffered significant injuries, including, 1. Shoulder injuries [illegible], 2. Spinal and neck injuries, which may require additional surgery, 3. Ongoing physical therapy and medical treatment preventing me from working.

   i.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.      I informed my employer, Elite Investigations, of my medical condition and the need for reasonable accommodations, including medical leave, or sick time.

   i.  Denies the allegations contained in paragraph 4.

5.      Despite my legitimate medical condition, Elite Investigations failed to engage in an interactive process and wrongfully terminated me instead of proving reasonable accommodations.

   i.  Denies the allegations contained in paragraph 5.

6.      My termination has caused significant financial and emotional hardship.

   i.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Due to my inability to work, I am now facing, the exhaustion of my lost wages and financial instability, inability to afford ongoing medical care and rehabilitation.

    i. Denies the allegations contained in paragraph 7, except denies having knowledge or information sufficient to form a belief as to whether Plaintiff has financial instability, cannot work, and cannot afford medical care and rehabilitation.

8. Emotional distress and mental anguish caused by discrimination and wrongful termination.

    i. Denies the allegations contained in paragraph 8.

**Attached Hereto As Appendix/Appendices Is/Are Copies Of All Relevant Documents Showing Petitioner's Right To Win This Case, Including Determination(S) Issued By Respondent(S) That Have A Bearing On This Case And/Or Of Which Petitioner Herein Complains, If Any. These Documents Are: [Identify All Such Documents, Including All Written Decisions Or Determinations Made By Respondent(S) That Are Pertinent To This Case And Attach Copies Thereof. Separately Mark Each Separate Document As Exhibit A, Exhibit B, Exhibit C, Etc. Explain What Each Exhibit Shows]**

9. Plaintiff received a right to sue letter from the (EEOC) on 2/5/25.

    i. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and refers to the referenced documents for the contents therein.

10. This lawsuit is timely filed within the required 90 day period from the date of issuance of the EEOC notice, pursuant to 42 U.S.C. Section 2000e-5(f)(1).

    i. Denies the allegations contained in paragraph 10 and refers all questions of law to the Court.

**Wherefore, Your Deponent Prays That This Court [Describe The Relief You Are Requesting – What You Are Asking The Court To Do For You]**

11.    Expedited processing of the case, front pay, compensatory and punitive damages, urgent relief of immediate order of front pay to cover future lost wages, emergency, relief for living expenses.

    i.  Denies the allegations contained in paragraph 11.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Verified Petition fails to state any causes of actions against Defendant.

### SECOND AFFIRMATIVE DEFENSE

At all times, Defendant acted in good faith towards Plaintiff and without any intent to deprive Plaintiff of any rights under the law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damages or pecuniary loss attributable to actionable conduct by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her inability to demonstrate any damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery due to her own misconduct and/or fraud and deceit, material non-disclosures, and material misrepresentations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by her own acts and conduct.

162367705.1 - 4 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

YVETTE BHIKHARIE,

Plaintiff,

-Against -

Elite Investigations,

Defendant.

Case No:_____

NOTICE OF MOTION FOR EQUITABLE TOLLING

MOTION FOR EQUITABLE TOLLING

Plaintiff, pro se, respectfully moves this Court for an order deeming her complaint timely under the doctrine of equitable tolling and states as follows:

1. Basis for the Motion

1. Plaintiff brings claims of employment discrimination under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and related statutes.

2. The EEOC issued Plaintiff a Notice of Right to Sue on 02/05/2025, requiring any federal action to be filed within 90 days.

3. Due to extraordinary medical incapacity, Plaintiff was unable to meet this statutory deadline.

2. Medical Incapacity

4. On or about January 27,2024, Plaintiff was involved in a serious car accident that resulted in significant injuries and ongoing medical complications.

5. Plaintiff's condition included hospitalization, abnormal medical cycles, and physician-directed restrictions, which rendered Plaintiff medically incapacitated and unable to prepare or file a federal complaint during the statutory period.

6. Plaintiff has medical documentation confirming her incapacity during this period, including hospital records and physician statements.

7. Plaintiff acted diligently by filing this action as soon as she regained sufficient medical capacity to do so.

8. Plaintiff has never abandoned her claims and has pursued her rights in good faith.

4. Legal Standard

9. Equitable tolling is appropriate where a litigant has diligently pursued her rights but extraordinary circumstances prevented timely filing.

10. Courts, including the Second Circuit, recognize that serious medical or psychological incapacity may warrant equitable tolling.

5. Relief Requested

11. Plaintiff respectfully requests that the Court equitably toll the statutory filing deadline for the period of incapacity from January 27,2024 through September 30,2025, and deem her complaint timely filed.

14. Plaintiff's claims require submission of sensitive and highly personal medical documentation in support of equitable tolling and her disability discrimination claims.

15. Public disclosure of Plaintiff's medical records would cause unnecessary harm, and invasion of privacy.

16. Federal Rule of Civil Procedure 5.2(d) permits the Court to order filings made under seal. Courts in this District routinely protect litigants' private medical records from public disclosure.

17. Accordingly, Plaintiff respectfully requests that:

a. Any medical records, hospital records, physician statements, or other documents submitted in this action for purposes of establishing disability or medical incapacity be filed under seal.

b. The docket in this case be sealed, or, in the alternative, all medical exhibits and filings referencing Plaintiff's medical condition be sealed and accessible only to the Court and parties.

A. Grant equitable tolling of the statutory filing deadline.

B. Deem Plaintiff's complaint timely.

C. Grant such other relief as the Court deems just and proper.

Dated: September 29,2025

*Yvette bhikharie*

Brooklyn, New York

Respectfully submitted,

Yvette Bhikharie

Plaintiff, Pro Se

7 Livonia Ave Apt 423

Brooklyn,NY 11212

718-564-3988

Yvettebhikharie@gmail.com